# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# Nashville Division

| | |
|---|---|
| **GOOD L CORPORATION** ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **FASTENERS FOR RETAIL, INC. d/b/a** ) | |
| **FFR MERCHANDISING, INC.** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Good L Corporation files this Complaint for trade dress infringement against Fasteners for Retail, Inc. d/b/a FFR Merchandising, Inc., and states as follows:

## PARTIES

1. Good L Corporation ("Good L" or "Plaintiff") is a Tennessee Corporation having its principal place of business at 5382 Murfreesboro Road, LaVergne, Tennessee 37086.

2. Upon information and belief, FFR Merchandising, Inc. is a registered trade name for Fasteners for Retail, Inc. (hereinafter collectively "Defendant" or "FFR"), located at 8181 Darrow Road, Twinsburg Ohio 44087.

3. According to its Ohio filings, the registered agent for service of process for FFR is Corporation Service Company, 50 West Broad Street Suite 1330, Columbus Ohio 43215.

1

4. Upon information and belief, FFR does business through the website located at www.ffr.com.

5. The domain ffr.com is owned by Fasteners for Retail, Inc.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction for the trademark and trade dress infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. § 1331 and 1338 because trademark and trade dress infringement are federal questions under 15 U.S.C. § 1051 *et seq.* and unfair competition is a supplemental question arising out of the same facts and circumstances pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court in accordance with 28 U.S.C. § 1391 because:

   a. Defendant does business in the Middle District of Tennessee;

   b. Defendant has subjected itself to service in the Middle District of Tennessee; and

   c. Defendant's infringing products are in use in stores in the Middle District of Tennessee.

8. The Court has personal jurisdiction over Defendant because Defendant engages in business in Tennessee through its sale of the infringing product to AutoZone and offers the infringing product through its interactive website to Tennessee consumers. Defendant has intentionally targeted customers in Tennessee and caused its products to be sold in commerce in Tennessee, including by selling the HANDBASKET1 product (as defined herein) to Tennessee customers. In particular, Defendant sold the HANDBASKET1 product to a customer in Tennessee with stores in Tennessee (AutoZone, a Tennessee entity), caused that customer's name and trademark to be placed on the HANDBASKET1

product, and allowed that marked HANDBASKET1 product to be used in Tennessee, showing Defendant's knowing and intentional entrance into commerce in Tennessee.

9. Similarly, the exercise of personal jurisdiction over Defendant comports with due process requirements of the United States Constitution because: (a) Defendant has purposefully established "minimum contacts" with the State of Tennessee by selling its product to AutoZone, and (b) the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice because Defendant is causing infringement to occur in Tennessee. Therefore, this Court has specific and general jurisdiction over Defendant.

## BACKGROUND

10. In business since 1989, Good L is one of America's largest manufacturers and sellers of plastic shopping baskets and is likely the last such manufacturer in the United States..

11. Good L has 30 employees, including 12 salespeople, six of whom travel the continental United States, and the other six who sell by telephone.

12. One product sold by Good L is the Big Basket, the company's original product and only product for the company's first three years in business.

13. Good L is the owner of a Certificate of Registration, No. 2,508,962, registered November 20, 2001 for "The Big Basket Company".

14. A photo of the Big Basket is shown below:



15. The specific trade dress of the Big Basket that is recognizable is, without limitation, the combination of the arbitrary and ornamental lattice work and the large panel on the sides of the basket.

16. The lattice work is non-functional and is not required for the use of the Big Basket product.

17. The large panel is non-functional and is not required for the use of the Big Basket product.

18. Good L has been selling the Big Basket continuously since at least as early as July 4, 1989.

19. Since introduction, Good L has sold over 2,800,000 Big Baskets.

20. Since introduction, Good L has fulfilled at least 151,000 orders for Big Baskets.

21. Good L has spent $10,500,000 million dollars promoting Big Baskets and its associated trade dress for the last 28 years.

22. Good L has promoted the Big Basket in at least 900 trade shows.

23. The Big Basket product is sold to retailers for retail customers to use while shopping in their retail stores and is sold to wholesalers or brokers who sell the product to retailers, including AutoZone.

24. Each trade show booth has included the following common law trade mark calling out and advertising the trade dress of the Big Basket ("Common Law Trademark"):

25. Since at least as early as 1989, packaging for the Big Basket and other baskets sold by Good L has displayed the Common Law Trademark as shown below:



26. The Common Law trademark shown on the packaging is shown below:



27. More than 750,000 boxes displaying the Common Law Trademark have been shipped to customers since 1989.

28. Good L also displays the Common Law Trademark on it trade show booths:

5



29. The Big Basket trade dress has developed secondary meaning through its extensive sales, its substantial continuous and exclusive use, it's being called out in the Common Law Trademark, and its extensive promotion for 28 continuous years.

30. The Big Basket product displays Good L Corp. which is a registered trademark of Good L.

31. Packaging for the Big Basket displays Good L Corp. which is a registered trademark of Good L.

32. As a result of its extensive sales, substantial continuous and exclusive use, its being called out in the Common Law Trademark, and its extensive promotion, the Big Basket trade dress has trademark and trade dress rights.

33. Consumers associate the Big Basket trade dress as originating from one source.

34. The Big Basket trade dress indicates source, origin, sponsorship, or affiliation with the quality of the producer of the Big Basket.

35. The Big Basket trade dress is a symbol or device as defined by trademark law including the Lanham Act.

36. The relevant trade dress features of the Big Basket trade dress are not functional.

## INFRINGING ACTIVITY

37. FFR has been selling a product that it calls HANDBASKET1.

38. A photo of HANDBASKET1 is shown below on the left with the Big Basket shown on the right:

6



39. HANDBASKET1 is or appears to be a direct copy of the Big Basket.

40. HANDBASKET1 is almost identical to the Big Basket.

41. HANDBASKET1 infringes the trade dress of the Big Basket.

42. HANDBASKET1 uses a non-functional design that is confusingly similar to the trade dress of the Big Basket because HANDBASKET1 uses the same or similar arbitrary and ornamental lattice work in combination with a large panel on the sides of the basket.

43. The HANDBASKET1 product is sold to retailers for retail customers to use while shopping in their retail stores including AutoZone.

44. The HANDBASKET1 product and the Big Basket product are used for the same purposes and are sold to the same purchasers and consumers.

45. The HANDBASKET1 product is sold directly or through wholesalers, distributors, or brokers.

46. FFR sells HANDBASKET1 because the relevant consumers recognize that the Big Basket is a known and reputable product, and FFR is seeking to provide the same product design sought by the relevant consumers.

47. HANDBASKET1 is made of inferior material causing the product to fail more quickly than the Big Basket.

7

48. Failure of a shopping basket results in retail customers being unhappy and retail sales likely being lost.

49. If HANDBASKET1 product fails, that failure will likely be associated with the Big Basket.

## CAUSES OF ACTION

### Count I – Trade Dress Infringement and Unfair Competition (15 U.S.C. § 1125)

50. Good L realleges and incorporates by reference each of the other numbered paragraphs as if fully set forth herein.

51. Defendant, in selling HANDBASKET1, infringes the trade dress owned by GOOD L in and to the Big Basket.

52. Defendant are thus in violation of 15 U.S.C. § 1125.

53. Such acts by Defendant cause Good L irreparable harm as to which Good L is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

54. Such acts by Defendant further cause harm to Good L as to which Good L is entitled to recover actual damages, Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117 as well as the costs of any necessary corrective advertising.

55. Defendant has willfully and intentionally adopted trade dress confusingly similar to the Big Basket, and Defendant's acts of infringement constitute willful infringement.

56. Given that Defendant's conduct is intentional and willful, Good L is entitled to an accounting of profits, attorneys' fees, and multiplied damages pursuant to 15 U.S.C. § 1117.

### Count II – Trademark Infringement and Unfair Competition (15 U.S.C. § 1125)

57. Good L realleges and incorporates by reference each of the other numbered paragraphs as if fully set forth herein.

8

58. Defendant, in selling HANDBASKET1, infringes the Common Law Trademark.

59. HANDBASKET1 create a likelihood of confusion among the consuming public as to source, origin, sponsorship, and/or affiliation, and Tennessee consumers are likely to be confused by the use and sale of HANDBASKET1 in Tennessee.

60. Defendant are thus in violation of 15 U.S.C. § 1125.

61. Such acts by Defendant cause Good L irreparable harm as to which Good L is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

62. Such acts by Defendant further cause harm to Good L as to which Good L is entitled to recover actual damages, Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117 as well as the costs of any necessary corrective advertising.

63. Defendant has willfully and intentionally adopted a mark confusingly similar to Good L's GOOD L Marks, and their acts of infringement constitute willful infringement.

64. Given that Defendant's conduct is intentional and willful, Good L is entitled to an accounting of profits, attorneys' fees, and multiplied damages pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Good L respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendant, as well as their franchisees, officers, agents, servants, employees, attorneys, affiliates, and all others in active concert or participation with them, are enjoined and restrained from:

1. Using and/or selling any product infringing the Big Basket Trade Dress and/or any product likely to create confusion with the Big Basket;

2. Engaging in any conduct that infringes the Common Law Trademark;

B. That the Court enter permanent injunctive relief ordering Defendant, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendant has complied with the injunction and order of this Court.

C. That the Court award Good L damages, an accounting of profits, and attorneys' fees and costs in an amount to be determined at trial;

D. That the Court award Good L multiplied damages because of Defendant's willful wrongful conduct;

E. That the Court deem this to be an exceptional case;

F. A trial by jury as to all issues; and

G. That the Court award such further relief as is merited under law and equity.

Respectfully submitted,

/s/ Edward D. Lanquist, Jr.
Edward D. Lanquist, Jr. (TN BPR 13303)
Scott M. Douglass (TN BPR 31097)
Patterson Intellectual Property Law, P.C.
Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400
edl@iplawgroup.com
smd@iplawgroup.com

*Attorneys for Plaintiffs Good L Corporation*