**2 McCarthy on Trademarks and Unfair Competition § 12:34 (5th ed.)**

McCarthy on Trademarks and Unfair Competition, Fifth Edition | June 2018 Update
J. Thomas McCarthy

Chapter 12. Generic Terms
VIII. Types of Generic Usage

## § 12:34. Illustration of the product

References

**West's Key Number Digest**

- West's Key Number Digest, Trademarks 1034

A mark that consists of an illustration of the goods themselves may be "generic," and hence incapable of serving a trademark function at all. [1] However, an illustration of a product which contains arbitrary and fanciful features can serve a trademark function. For example, Planters peanut company's symbol of a little man with a peanut body was held not to be merely an illustration of the goods, but a protectable mark indicating origin. [2]

A picture of an ingredient of a product or a thing closely associated with a product may itself be unprotectable as "generic." The Ninth Circuit found that a picture of a grape leaf on a bottle of wine was not itself a protectable mark because so many wine bottlers have for so long a time used a depiction of grape leaves to decorate their wares that "it has lost the power to differentiate brands." [3] The court noted the traditionally close connection between grape leaves, grapevines, grapes and wine. [4]

The Trademark Board refused to find that an image of a product on which the utility patent has expired was unregisterable for custom manufacturing services for those goods because it was "functional." [5] The Board did not consider if the illustration was "generic."

Westlaw. © 2018 Thomas Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

1 *See* §§ 7:35 to 7:37. *Compare* In re DC Comics, Inc., 689 F.2d 1042, 215 U.S.P.Q. 394 (C.C.P.A. 1982) (picture of character doll of SUPERMAN is not generic of the product), *with* Maremont Corp. v. Air Lift Co., 463 F.2d 1114, 174 U.S.P.Q. 395 (C.C.P.A. 1972) (picture of product can function in lieu of word as a generic designation of the product).


WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2 Planters Nut & Chocolate Co. v. Crown Nut Co., 305 F.2d 916, 134 U.S.P.Q. 504 (C.C.P.A. 1962). See illustration of the mark at § 6:18.

3 Kendall-Jackson Winery, Ltd. v. E.&J. Gallo Winery, 150 F.3d 1042, 47 U.S.P.Q.2d 1332 (9th Cir. 1998) ("[B]ecause wine bottlers other than Kendall-Jackson have long used grape leaves to decorate their labels, that emblem has become generic." While a particular depiction of a multicolored grape leaf could serve as a valid mark, the grape leaf depictions of the parties were so different that confusion was not likely.).

4 "By itself, a grape leaf cannot differentiate one brand from another because precisely the same reasoning links the same emblem to the product in each case: A grape leaf suggests a grapevine, which suggests a grape, which suggests wine." 47 U.S.P.Q.2d at 1337.

5 Duramax Marine LLC v. R.W. Fernstrum & Comapny, 80 U.S.P.Q.2d 1780, 1794, 2006 WL 2263820 (T.T.A.B. 2006) (but the illustration of the goods was not registerable for custom manufacturing services because it was descriptive and lacked secondary meaning under § 2(f)).

End of Document

© 2018 Thomson Reuters. No claim to original U.S. Government Works.



WESTLAW © 2018 Thomson Reuters. No claim to original U.S. Government Works.