IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GOOD L CORPORATION, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:18-cv-00489 |
| | ) |
| FASTENERS FOR RETAIL, INC. d/b/a | ) JUDGE CAMPBELL |
| FFR MERCHANDISING, INC., | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
|    Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss. (Doc. No. 22). Plaintiff filed a Response in Opposition (Doc. No. 40), Defendant filed a Reply (Doc. No. 42), and Plaintiff filed a Sur-Reply (Doc. No. 46). For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

### I.    FACTUAL BACKGROUND

This lawsuit arises from Plaintiff's allegations that Defendant's HANDBASKET1 product infringes upon Plaintiff's unregistered trade dress and trademark rights of its Big Basket product. On June 25, 2018, Plaintiff filed an Amended Complaint against Defendant alleging claims of Trade Dress Infringement and Unfair Competition under 15 U.S.C. § 1125 (Count I) and Trademark Infringement and Unfair Competition under 15 U.S.C. § 1125 (Count II). On July 18, 2018, Defendant moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 22).

### II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must

take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Defendant filed documents from the United States Patent and Trademark Offices as exhibits to its Motion to Dismiss (Doc. No. 24, Exs. A-T) and Reply in Support of its Motion to Dismiss (Doc. No. 43, Ex. B). Defendant also filed excerpts from a deposition transcript as an exhibit to its Reply in Support of its Motion to Dismiss (Doc. No. 43, Ex. A). None of these documents are referred to in the Amended Complaint, (Doc. No. 13), and the Court declines to consider them in evaluating the Motion to Dismiss.

## III. ANALYSIS

Defendant seeks dismissal of the Amended Complaint, arguing Plaintiff's claimed trade dress and trademark "are unprotectable as a matter of law." (Doc. No. 23 at 2). Plaintiff argues

2

dismissal is unwarranted because it has alleged facts in the Amended Complaint to support each of its claims against Defendant. (Doc. No. 40 at 2).

### A. Trade Dress Infringement

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects from infringement the unregistered "trade dress" of a product. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002).

> "Trade dress" refers to the image and overall appearance of a product. It embodies that arrangement of identifying characteristics or decorations connected with a product, whether by packaging or otherwise, that makes the source of the product distinguishable from another and promotes its sales. Trade dress involves the total image of a product and may include features such as size, shape, color, or color combinations, texture, graphics, or even particular sales techniques.

*Id.* (internal citations and punctuation marks omitted). To prevail on a claim for the infringement of a product design trade dress, a plaintiff must prove that its allegedly infringed product design (1) is nonfunctional, (2) has acquired secondary meaning, and (3) is confusingly similar to the allegedly infringing product design. *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 503 (6th Cir. 2013). Defendant argues Plaintiff's trade dress infringement claim should be dismissed because its trade dress is: (1) inconsistently and inadequately defined; (2) functional; and (3) generic. (Doc. No. 23 at 2).

#### 1. Articulation of Plaintiff's Trade Dress

##### a. Consistent Overall Look

As an initial matter, Defendant argues Plaintiff's alleged trade dress "is inconsistently defined, rendering it unprotectable" because the Amended Complaint fails to show that its trade dress has a "consistent overall look". (Doc. No. 23 at 13). Defendant relies upon *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 635 F. Supp. 2d 632, 641 (E.D. Mich. 2008) (citing *Rose Art*

*Indus., Inc. v. Swanson*, 235 F.3d 165, 172-75 (3d Cir. 2000)) for the proposition that "if a plaintiff seeking trade dress protection cannot show that its [claimed trade dress has] a 'consistent overall look,' the trade dress that the defendant is allegedly infringing 'does not exist,' and the defendant must prevail." (Doc. No. 23 at 13). However, the "recognizable and consistent overall look" standard cited by Defendant is only relevant in cases where the plaintiff seeks protection for a series or an entire line of products. *See Rose Art*, 235 F.3d at 173 ("Because of the broad reach that protection of trade dress for a *series or line of products* would embrace, we will require this more stringent test before the non-functionality/distinctiveness/likelihood of confusion test is applied. A plaintiff, seeking protection for a series or line of products, must first demonstrate that the *series or line* has a recognizable and consistent overall look.") (emphasis added).

In the present matter, Plaintiff is alleging trade dress infringement for a single product – the Big Basket. *See* Doc. No. 13 at ¶¶ 61-67; Doc. No. 40 at 5-6 ("In [Plaintiff]'s case, there is just one basket bearing the asserted trade dress…"); Doc. No. 42 at 7 ("As [Plaintiff] itself notes, [Plaintiff]'s asserted trade dress in this case is based on one product."). Accordingly, the "consistent overall look" standard is inapplicable in this single product case. *See, e.g.*, *Dayco Prod., LLC v. Dorman Prod., Inc.*, No. 09-CV-13139, 2010 WL 3855221, at *3-4 (E.D. Mich. Sept. 28, 2010) (recognizing a party is only required to demonstrate "consistent overall look" if it is seeking trade dress protection for a series or line of products); *Kee Action Sports LLC v. Valken Inc.*, No. 12-6069, 2013 WL 6633439, at *4-5 (D.N.J. Dec. 17, 2013) (holding the "recognizable and consistent overall look" standard adopted in *Rose Art* was not applicable because the plaintiff was seeking trade dress protection for a single product and not an entire line of products).

### b. Discrete Elements of Plaintiff's Trade Dress

Next, Defendant argues dismissal of Plaintiff's trade dress claim is appropriate because the Amended Complaint fails to articulate clearly the specific design elements that compose Plaintiff's alleged trade dress. (Doc. No. 23 at 13-15). While a trade dress may protect the "overall look" of a product, the discrete elements which make up the claimed trade dress should be separated out and identified in a list. *See Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 415 (6th Cir. 2006) (citing McCarthy on Trademarks § 8:3 (4th ed.2001); *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir.1997)). Plaintiff argues the elements of its asserted trade dress are sufficiently and clearly identified in paragraph 17 of the Amended Complaint:

> The specific trade dress of the Big Basket that is recognizable is, without limitation, the combination of the arbitrary and ornamental lattice work, and the large panel on the front and rear sides of the basket adjacent to the top rim.

(Doc. Nos. 13, 40). Defendant argues this description is not an acceptable list of design elements because the language "without limitation" at the beginning of the description makes it "impossible for competitors and other third parties to know exactly what [Plaintiff] is claiming." (Doc. No. 23 at 14). Defendant also argues "'arbitrary and ornamental lattice work' and 'large panel' are too overbroad to put competitors on notice regarding what types of lattice work or panels are supposedly off-limits." (Doc. No. 23 at 14).

In response, Plaintiff argues the image in the Amended Complaint of the Big Basket "facilitates understanding of the asserted trade dress by visualizing the combination of lattice work and the panel…" and points to the images of its trademark as reinforcing its asserted trade dress. (Doc. No. 40 at 3-4 (citing Doc. No. 13 at ¶¶ 16-19, 26-35)).

Based on the list of elements and photo of the Big Basket product in the Amended Complaint (Doc. No. 13 at ¶¶ 16-17), it can be understood what Plaintiff seeks to protect.

Therefore, the Court finds the Amended Complaint sufficiently identifies and defines Plaintiff's asserted trade dress. *See, e.g.*, *Gen. Motors Corp.*, 468 F.3d at 415–16 (finding "the exterior appearance and styling of the vehicle design which includes the grille, slanted and raised hood, split windshield, rectangular doors, squared edges, etc." was a sufficient description of plaintiff's alleged trade dress).

### 2. Nonfunctional

Defendant acknowledges that "[i]n a trade dress infringement case, the determination of functionality is a question of fact." (Doc. No. 23 at 16). However, Defendant claims Plaintiff failed to plead non-functionality with sufficient particularity to survive a Rule 12(b)(6) motion to dismiss. (*Id.* at 17).

A product design feature is functional "if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 503 (6th Cir. 2013) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n. 10 (1982)). A product design feature is also functional if exclusive use of the feature would put competitors at a "significant non-reputation-related disadvantage." *See TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 32–33 (2001) (citing *Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 165 (1995)).

After describing the elements of its trade dress, Plaintiff alleges that neither of the trade dress features is required for the use of Plaintiff's Big Basket product. (Docket No. 13, ¶¶ 18-19); *compare with Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 746–47 (E.D. Mich. 2014) (finding allegations that plaintiff "developed a signature trade dress feature ... featuring non-functional elements" failed to plead non-functionality with factual particularity). In addition, the plain appearance of the product from the photos in the Amended Complaint shows the trade dress

is at least arguably non-functional. *See, e.g., Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 417 (6th Cir. 2006). "Although a trade dress's nonfunctional nature must be *proven* by the party asserting the trade dress protection, there is no heightened *pleading* standard for this element of Plaintiff's claim." *Kano Labs., Inc. v. Clenair Mfg., Inc.*, No. 3-12-1209, 2013 WL 5758651, at *3 (M.D. Tenn. Oct. 24, 2013) (emphasis in original). "Plaintiff does not have to rebut the presumption identified by Defendant (that features are deemed functional until proven otherwise) at this stage of the case." *Id*. Construing the facts in favor of Plaintiff, the Court finds the Amended Complaint sufficiently alleges the non-functionality of Plaintiff's claimed trade dress.

### 3. Generic

Defendant also argues Plaintiff's trade dress claim must be dismissed because it is generic and therefore not protectable. (Doc. No. 23 at 18-20). Genericness is a question of fact. *See Bath & Body Works, Inc. v. Luzier Personalized Cosmetics, Inc.*, 76 F.3d 743, 748 (6th Cir. 1996). Under Rule 12(b)(6), the Court cannot consider a question of fact on a motion to dismiss. *See Kaldy v. Urshow.tv, Inc.*, No. 2:16-CV-54, 2017 WL 104148, at *3 (E.D. Tenn. Jan. 10, 2017) (citing *Ecclesiastical Order of the ISM of AM, Inc. v. IRS*, 725 F.2d 398, 403 (6th Cir. 1984) (Jones, J., concurring in part and dissenting in part); *Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 753 (E.D. Mich. 2014)). Accordingly, a Rule 12(b)(6) motion is generally an improper vehicle for establishing that a mark is generic. *See Metro Sanitation, L.L.C. v. C & R Maintenance, Inc.*, No. 05-70673, 2005 WL 1861931, at *2 (E.D. Mich. Aug. 4, 2005) (concluding the issue of whether a trademark was generic could not be decided on motion to dismiss); *FragranceNet.com, Inc. v. Les Parfums, Inc.,* 672 F.Supp.2d 328, 333–34 (E.D. N.Y. 2009) (concluding question of whether trademark is generic is inappropriate for determination on motion to dismiss). As a result, the Court declines to consider the issue of genericness on ruling on the present motion.

### B. Trademark Infringement

A trademark is "any word, name, symbol, or device ... used by a person ... to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods ..." 15 U.S.C. § 1127. The Lanham Act protects a trademark owner from infringement, regardless of whether the trademark is registered with the Patent and Trademark Office. *Fuji Kogyo Co., Ltd. V. Pacific Bay Int'l., Inc.*, 461 F.3d 675, 682-83 (6th Cir. 2006). To state a claim for trademark infringement, a plaintiff must allege facts establishing that: (1) it owns the trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion. *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009).

Defendant argues Plaintiff's trademark infringement claim fails as a matter of law and should therefore be dismissed because: (1) Plaintiff has failed to identify any trademark at all; (2) Plaintiff's unregistered trademark is duplicative of its asserted trade dress;[1] and (3) Plaintiff's trademark is generic.[2] (Doc. No. 23 at 2).

### 1. Articulation of Plaintiff's Trademark

#### a. Identification of Plaintiff's Trademark

Defendant argues Plaintiff has failed to identify a trademark based on its contention that the Amended Complaint defines the trademark "by a collection of pictures, all of which are different from each other." (Doc. No. 23 at 22 (citing Doc. No. 13 at ¶¶ 26-35)). In response, Plaintiff contends it "identifies its common law trademark as the depiction of a shopping basket with the combination of arbitrary and ornamental lattice work, and the large panel on the front and

---

[1] The Court does not find Defendant's argument on this issue persuasive as it cited no legal authority in support of this argument. (Doc No. 23 at 23).

[2] As discussed above, *supra* A.3, the Court will not consider the factual issue of genericness in ruling on the present motion.

rear sides of the basket adjacent to the top rim" and that the Amended Complaint "specifies this depiction." (Doc. No. 40 at 13-14 (citing Doc. No. 13 at ¶¶ 26-35)). In addition to the images of the asserted trademark, the Amended Complaint alleges "…the Big Basket trade dress has trademark …rights" and that "[t]he Big Basket trade dress is a symbol or device as defined by trademark law including the Lanham Act." (Doc. No. 13 at ¶¶ 37, 40). Taking the factual allegations in the Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds the Amended Complaint sufficiently identifies the alleged trademark.

### b. Plaintiff's Ownership Rights in the Trademark

Defendant also argues the Amended Complaint fails to allege facts "necessary to assert rights in a valid trademark." (Doc. No. 23 at 22). A "bedrock principle[ ] of trademark law is that trademark ... ownership is not acquired by federal or state registration. Rather, ownership rights flow only from prior appropriation and actual use in the market." *Allard Enter., Inc., v. Advanced Programming Res., Inc.*, 146 F.3d 350, 356 (6th Cir. 1998) (quoting *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.,* 931 F.2d 1100, 1105 (6th Cir. 1991)) (internal quotations omitted). A party establishes actual use and a right in an unregistered trademark "by demonstrating that its use of the mark was 'deliberate and continuous, not sporadic, casual, or transitory.'" *Circuit City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1054-55 (6th Cir. 1999) (quoting *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1272 (2d Cir. 1974)). Put another way, common law trademark rights develop when goods bearing the mark are placed in the market and followed by continuous commercial utilization. *EAT BBQ LLC v. Walters*, 47 F.Supp.3d 521, 528 (E.D. Ky. 2014).

Plaintiff argues it has sufficiently identified and defined its trademark and points to the allegations that it uses and has used its claimed trademark on trade show booth banners,

promotional fliers, letterhead, envelopes, instruction forms, order forms, invoices, price lists, and packaging. (Doc. No. 40 at 13 (citing Doc. No. 13 at ¶¶ 26-35)). Taking all of the factual allegations in the Amended Complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds the Amended Complaint sufficiently alleges Plaintiff's ownership rights in the unregistered trademark.

Accordingly, Defendant's Motion to Dismiss for failure to state a claim is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE