IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GOOD L CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | NO. 3:18-cv-00489 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE FRENSLEY |
| FASTENERS FOR RETAIL, INC. d/b/a | ) | |
| FFR MERCHANDISING, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

## MEMORANDUM

Pending before the Court is Counter-Defendant Good L Corporation's Motion to Dismiss FFR's Counterclaim. (Doc. No. 64). Counter-Plaintiff Fasteners For Retail, Inc. ("FFR") filed a response in opposition (Doc. No. 66) and Good L filed a reply (Doc. No. 67).

For the reasons stated below, Good L's Motion to Dismiss is **DENIED**.

### I. BACKGROUND

Good L brings this lawsuit alleging FFR's HANDBASKET1 product infringes Good L's unregistered trade dress and trademark rights of its Big Basket product. (*See* Am. Compl., Doc. No. 13). Good L's specific claims are for trade dress infringement and unfair competition (Count I) and trademark infringement and unfair competition (Count II) under the Lanham Act, 15 U.S.C. § 1125. On April 25, 2019, FFR filed answer to the Amended Complaint asserting twelve affirmative defenses[1] and a counterclaim. The counterclaim asserts a single claim for declaratory

---

[1] The affirmative defenses raised by FFR are: (1) the trademark and trade dress asserted by Good L are unprotectable as a matter of law; (2) FFR's products do not infringe Good L's intellectual property rights; (3), (4) the trade dress/trademark is functional; (5), (6) the trade dress/trademark is generic, at least because it is synonymous with or equivalent to a general class of product—i.e. hand-held shopping baskets; (7) the alleged product design is not inherently distinctive; (8) the alleged trademark is not inherently

judgment of non-infringement under the Lanham Act.  Plaintiff/Counter-Defendant Good L filed a motion to dismiss the counterclaim on grounds that the counterclaim is redundant and unnecessary because it states the mirror image of the claim Good L has already presented and serves no useful purpose.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted.  For purposes of a motion to dismiss, a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that it plausible on its face. *Id*. at 678.  A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. ANALYSIS

A court may dismiss a redundant or mirror image claim for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 406 (6th Cir. 2017).

---

distinctive; (9) unclean hands; (10) estoppel, waiver, laches, and/or acquiescence; (11) fair use; and (12) no likelihood of confusion. (Doc. No. 62).

Good L asserts the counterclaim seeking a declaratory judgment of noninfringement should be dismissed because it is the mirror image of its infringement claim, would serve no useful purpose, and would be rendered moot by the adjudication of Good L's claims. FFR responds that the counterclaim seeks more than just an declaration of non-infringement—it also seeks a declaration "that Good L's asserted intellectual property rights are invalid because its purported trademark and trade dress either (a) are functional; (b) are generic; (c) lack secondary meaning; or (d) all or any combination of the above." (FFR Resp., Doc. No. 66 at 4-5).

The parties agree that the Court may dismiss redundant claims. The disagreement lies in whether FFR's counterclaim is redundant. Resolution of this issue hinges in large part on accurate characterization of the claims and counterclaim. As stated above, while Good L characterizes FFR's counterclaim as one for "non-infringement," FFR objects to that characterization as unduly restrictive. The Court agrees. A review of the Counterclaim shows that FFR seeks both a declaration of noninfringement (giving various grounds for finding non-infringement) and a declaration "that FFR's claimed trademark and trade dress lack the requisite legal requirements to be protectable under the Lanham Act." (*See* Doc. No. 62). Accordingly, the Court will consider whether FFR's counterclaim for declaratory judgment that the trademark and trade dress are invalid and corresponding declaration of non-infringement is redundant to the claim for infringement.

In *Malibu Media*, the Sixth Circuit affirmed dismissal of a counterclaim for failure to state a claim under Fed. R. Civ. P. 12(b)(6) when the counterclaim allegations tracked those in the complaint and sought only a declaratory judgment of non-infringement—the mirror image of plaintiff claims for infringement. *Id.* at 406. The Court held that "the heart of [the] counterclaim is whether [defendant] infringed the copyrighted works; resolution of [the] copyright infringement

3

claims would dispose of all factual and legal issues necessary for deciding that counterclaim." Although the court reviewed the motion as one under 12(b)(6), it considered whether the counterclaim would serve a "useful purpose" – a factor typically considered when determining whether to exercise jurisdiction under the Declaratory Judgment Act. *See id*. (discussing the factors articulated in *Grand Trunk W.R.R. Co. v. Consol. Rail Corp*., 746 F.2d 323, 326 (6th Cir. 1984)). The court noted that the counter-plaintiff was "not clear what 'useful purpose' his counterclaim would serve, arguing only that it would cause no prejudice to [plaintiff] and may 'deter against future filing of copyright claims to obtain nuisance-value settlements.'" *Id*. at 406. Unlike the counterclaim in this case, the counterclaim asserted by the defendant in *Malibu Media* was a direct mirror image of the claim asserted by the plaintiff—seeking a declaration of noninfringement to counter a claim for infringement. *Id*. at 406. The *Malibu Media* defendant did not seek additional declaratory relief. *Id*. (affirming dismissal of a counterclaim that sought "only a declaratory judgement that he did not infringe its copyrighted works").

FFR argues that the Court should follow *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co*., 125 F.2d 172 (1942). In *Dominion Electric*, the district court dismissed the defendant's counterclaim "without opinion, findings, or conclusions of law." *Id*. at 172. The Sixth Circuit reversed, holding that a counterclaim for a judgment "that the trademark be held invalid or restricted and not infringed; that an unfair and improper use had been made of it, injuring its business" and sought a determination to adjudicate "all of the rights and relations of the parties to the actual controversy" should not have been dismissed. *Id*. at 173-75. In determining whether the defendant raised an appropriate counterclaim, the court compared the trademark infringement case with one for patent infringement:

4

> Our experience with patent infringement cases would lead to a conclusion that mere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled. To illustrate: It frequently happens that the court in a patent or trademark infringement suit, finding the defendant innocent of infringement, deems it unnecessary to determine issues of title, validity, or the scope of the patent claims. One defendant exonerated of infringement may be content with such adjudication—another may not. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241 (1939), illustrates the point that mere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant. His activities are still circumscribed by the monopoly based upon the patent grant. Convinced that the patent (or the trademark) is invalid, he is still hampered and embarrassed by the necessity of avoiding trespass. One structure or representation may escape the charge of infringement. Improvements made to meet competition, may not. He wishes to be freed from the restrictions of an invalid patent or trademark, and he represents not only to himself, but, in a sense also the public which is likewise excluded from the field of monopoly. The Declaratory Judgment Act furnishes him with the means of escape. We see no reason why it should not be available to him as a counterclaim when circumstances would have permitted a separate suit.

*Id.* at 174-75. The Court finds the reasoning of the *Dominion Electric* court persuasive and applicable to the counterclaims asserted here.

Other courts in this district have applied *Dominion Electric* to comparable claims and denied dismissal of arguably redundant counterclaims. *See Am. Energy Corp. v. Am. Energy Partners, LP*, No 2:13-cv-886, 2015 WL 881519 (S.D. Ohio Mar. 2, 2019) (denying dismissal of counterclaim which sought a declaration that Am. Corp. has no protectable interest in "American Energy" even if the court finds no infringement on other grounds); *Innovation Ventures, LLC v. N2G Dist., Inc.*, 779 F. Supp. 2d 671, 682-83 (E.D. Mich. 2011) (declining to dismiss a counterclaim for a declaration of non-infringement when the plaintiff's claim for trade dress infringement was vague and defendants were entitled to their counterclaim and declaratory judgment "to determine … the scope of" Plaintiff's claims.) (citing *Dominion Electrical*, 126 F.2d at 174).

5

Plaintiff cites two cases in this district in which the court reached the opposite conclusion and dismissed the counterclaims. In *Richmond v. Centurion Exteriors, Inc.*, No. 3:10-0734, 2010 WL 3940592 (M.D. Tenn., Oct. 6, 2010), the defendant in an FLSA action filed a counterclaim seeking a declaratory judgment that the plaintiff was an exempt employee. The *Richmond* court dismissed the counterclaim on grounds that the declaratory judgment counterclaims would be rendered moot by the adjudication of plaintiff's claims and that defendant did not show that it had standing to pursue the counterclaim independent of the primary case. In *Mawdsley v. Kirkland's, Inc*. No. 3-13-0462, 2013 WL 5754947 (M.D. Tenn. Oct. 23, 2013), the defendant copyright infringement claim asserted a counterclaim seeking a declaration that the asserted works are within the public domain and a declaration of non-infringement. The court dismissed the counterclaims on grounds that the relief sought stated an affirmative defense and not an independent claim and that a declaration of non-infringement was redundant. These cases are not binding, and the Court finds the reasons stated in *Dominion Electric* more persuasive.

Here, FFR seeks a declaratory judgment that Good L does not have a protectable trademark or trade dress in Big Basket. FFR correctly argues that the Court could determine Good L's infringement claim without a declaration of the validity of the trademark or trade dress. For example, the Court could find that there is no likelihood of confusion between the products and that FFR's HANDBASKET1 does not infringe the trademark or trade dress of Big Basket without addressing whether the asserted trademark or trade dress are valid. Good L argues that a finding of infringement would require a finding that Good L owns the trademark. While this is accurate, it remains the case that a finding of non-infringement could be decided on any number of grounds and would not necessarily require a determination of validity and it is this declaration that FFR seeks through its counterclaim.

6

The Court finds that the counterclaim asserted by FFR is not redundant and that adjudication of the rights between the parties will serve a useful purpose. Accordingly, the Court declines to dismiss the counterclaim at this juncture. *See Malibu Media*, 705 F. App'x at 405 ("Federal courts and federal district courts in particular, have 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" (quoting *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014))).

## IV. CONCLUSION

For the reasons stated, Good L's Motion to Dismiss FFR's Counterclaim (Doc. No. 64) is **DENIED**. An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE